**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 31, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONELL LAMONT FRASER,

    Defendant - Appellant.

No. 25-6023
(D.C. No. 5:21-CR-00085-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Donell Fraser, a federal prisoner proceeding pro se,[1] appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We see no abuse of discretion in the district court's conclusion that the 18 U.S.C. § 3553(a) factors don't warrant relief, and we reject Fraser's claims of procedural error. We therefore affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Fraser's pro se brief liberally, "but we do not act as his advocate." _United States v. Griffith_, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

## Background

In 2021, Fraser pleaded guilty to possession of methamphetamine with intent to distribute and being a felon in possession of a firearm. Based on a total offense level of 29 (which included a three-level reduction for acceptance of responsibility) and a criminal-history category of VI, the district court set Fraser's sentencing range under the United States Sentencing Guidelines (U.S.S.G. or the Guidelines) at 151 to 188 months. But the court varied downward and sentenced Fraser to 120 months.

In the fall of 2024, Fraser filed a pro se motion for compassionate release. As extraordinary and compelling reasons justifying relief, Fraser cited his father's deteriorating health, his own medical problems, and his policy disagreement with how the Guidelines punish the possession of actual methamphetamine. In further support, he noted his rehabilitation and remorse, as well as his strong family support.

On November 7, the district court ordered the government to respond within 21 days. The government filed its response on December 2, disputing the existence of extraordinary and compelling reasons and arguing that Fraser wasn't entitled to relief based on the nature of his offense, his conduct in prison, and his criminal history.

Later in December, Fraser submitted a change-of-address letter to the district court. In the letter, he noted that despite receiving the district court's order directing the government to file a response, he had not received the government's response.

On February 6, 2025, the district court denied Fraser's motion for compassionate release, reasoning that even if Fraser could show extraordinary and

compelling reasons via his father's health, the § 3553(a) factors did not weigh in favor of early release.

Fraser appeals.

**Analysis**

"We review a district court's order denying relief on a § 3582(c)(1)(A) motion for abuse of discretion." *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

Section 3582(c)(1)(A) permits the district court to grant a sentence reduction if: (1) extraordinary and compelling reasons support the reduction; (2) the reduction is consistent with applicable policy statements; and (3) the § 3553(a) factors support the reduction.[2] *United States v. McGee*, 992 F.3d 1035, 1042–43 (10th Cir. 2021). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

Here, the district court addressed two of the three prongs. On extraordinary and compelling reasons, it rejected Fraser's own medical conditions and his policy

---

[2] Section 3582(c)(1)(A) also requires a defendant to exhaust administrative remedies. *Hemmelgarn*, 15 F.4th at 1030. The government conceded below that Fraser met that requirement, so we do not discuss it further.

disagreement with the Guidelines but determined that Fraser "made a plausible argument" about his father's deteriorating health. R. vol. 1, 176; *see also* U.S.S.G. § 1B1.13(b)(3) (describing extraordinary and compelling family circumstances). Nevertheless, the district court concluded that the § 3553(a) factors did not warrant a sentence reduction, citing Fraser's "lengthy criminal record," which includes both violent convictions and prior drug convictions, and his "lengthy history of substance abuse and of mental[-]health concerns." R. vol. 1, 177. The court additionally noted that Fraser "ha[d] served less than half of the sentence imposed by the court," which was particularly noteworthy "against the backdrop of the downward variance he initially received." *Id.* Thus, the court concluded that a reduction was not warranted in light of the need for Fraser's sentence to reflect the "seriousness of the offense, [to provide] just punishment[ and] necessary deterrence, and . . . to protect the public from the risk of further crimes." *Id.*; *see also* § 3553(a)(2)(A)–(C).

Challenging this assessment on appeal, Fraser initially faults the district court for relying in part on his prior downward variance.[3] But the overall length of a sentence is a critical component of § 3553(a)(2)'s mandate that "the sentence imposed . . . reflect the seriousness of the offense, . . . provide just punishment for the offense," deter criminal conduct, and "protect the public." So the district court

---

[3] Fraser relatedly contends that the district court erred by considering his prior offense-level reduction for acceptance of responsibility. Yet we see no discussion of that point in the district court's compassionate-release order. At most, the district court noted as a matter of background that Fraser received a downward "variance based principally on [his] efforts at cooperation." R. vol. 1, 175.

did not abuse its discretion by factoring in, as a matter of "backdrop," R. vol. 1, 177, Fraser's initial downward-variant sentence. *See United States v. Wilson*, No. 20-1324, 2021 WL 4859690, at *3 (10th Cir. Oct. 19, 2021) (unpublished) (finding no abuse of discretion in district court's assessment "that granting relief would amount to a drastic reduction" of defendant's sentence not appropriate under § 3553(a)(2)(A) (cleaned up)); *United States v. Bischof*, No. 22-6140, 2023 WL 1788053, at *3 (10th Cir. Feb. 7, 2023) (unpublished) (same).[4]

Fraser next emphasizes his disagreement with how the Guidelines treat pure methamphetamine. To be sure, some district courts agree with Fraser. *See, e.g.*, *United States v. Pereda*, No. 18-cr-00228, 2019 WL 463027, at *3 (D. Colo. Feb. 6, 2019) (unpublished) (explaining that "a growing number of district courts have found that the Guideline[s] ranges for offenses involving actual/pure methamphetamine . . . are not based on empirical data and national experience, and thus do not exemplify the [Sentencing] Commission's exercise of its characteristic institutional role"). But the district court here was "unpersuaded." R. vol. 1, 176 n.2. And as the government asserts, "[a]greeing with the [G]uidelines' policy choice is not an abuse of discretion, even when other judges have disagreed with that policy choice." Aplee. Br. 13–14; *see also United States v. Velasquez-Aguilera*, 842 F. App'x 286, 290–91 (10th Cir. 2021) ("[Al]though sentencing courts are allowed to deviate from the Guidelines

---

[4] We cite these and other unpublished cases for their persuasiveness. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

based on policy considerations, they are not required to do so simply because other judges . . . have.").

Next, Fraser contends that the district court placed too much weight on his criminal history and not enough on his rehabilitation efforts, violating *Pepper v. United States*, 562 U.S. 476 (2011). But *Pepper* merely held that a sentencing court "*may* consider evidence of the defendant's postsentencing rehabilitation." *Id.* at 481 (emphasis added). It did not hold that a district court is required to do so. *Id.* at 505 n.17 (noting that Court "d[id] not mean to imply that a district court *must* reduce a defendant's sentence upon any showing of postsentencing rehabilitation" (emphasis added)). And to the extent that Fraser faults the district court for placing too much weight on his criminal history and not enough on his rehabilitation efforts and family circumstances, "reweighing the factors is beyond the ambit of our review." *United States v. Lawless*, 979 F.3d 849, 856 (10th Cir. 2020).

As a final matter, we reject Fraser's two procedural arguments. First, contrary to Fraser's position, the government's December 2 response was timely. Even though the 21-day deadline fell on November 28, that was the Thanksgiving holiday, and the district court was closed both that day and the next, as well as over the following weekend. *See* U.S. Dist. Ct., W. Dist. Okla., Court Closed—Thanksgiving Day Holiday, https://www.okwd.uscourts.gov/event/court-closed-thanksgiving-day-holiday-1 [https://perma.cc/8WCT-FPNU] (last visited Oct. 20, 2025); U.S. Dist. Ct., W. Dist. Okla., Court Closed—Thanksgiving Day Holiday, https://www.okwd.uscourts.gov/event/court-closed-thanksgiving-day-holiday-2

[https://perma.cc/S4ZK-XNYC] (last visited Oct. 20, 2025). Thus, the government timely filed its response on Monday, December 2, "the next day that [wa]s not a Saturday, Sunday, or legal holiday." Fed. R. Crim. P. 45(a)(1)(C).

Second, Fraser argues that the district court deprived him of the opportunity to file a reply brief by failing to send him a copy of the government's response. But under the applicable local rules, reply briefs are permitted only with leave from the court. *See* W.D. Okla. Crim. R. 12.1(c); *United States v. Hammons*, No. 22-6044, 2022 WL 3681254, at *2 (10th Cir. Aug. 25, 2022) (unpublished) (suggesting that the Western District of Oklahoma's local rules did not permit defendant to file a reply brief in support of his compassionate-release motion). And although Fraser alerted the court that he hadn't received the government's response, he never asked the district court for leave to file a reply.

### Conclusion

Finding no abuse of discretion and no procedural errors, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge

7